DAVID T. and Diane T., as parents and next friends of KAITLYN T., Plaintiffs

v.

CITY OF CHICOPEE acting through Chicopee Public Schools, et al., Defendants.

C.A. No. 06–30160–MAP.

United States District Court, D. Massachusetts.

Feb. 15, 2007.

Derek M. Beaulieu, Law Office of Derek M. Beaulieu, Springfield, MA, for Plaintiffs.

Claire L. Thompson, Doherty, Wallace, Pillsbury & Murphy, P.C., Springfield, MA, for Defendants.

### MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (Dkt. Nos. 2 & 4)

PONSOR, District Judge.

In this six-count complaint, Plaintiffs David T. and Diane T.[1] seek reimbursement for certain costs incurred by them as a result of their decision to place their daughter at a private educational institution. Plaintiffs contend that they are entitled to this reimbursement under the "stay-put" provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(j). They seek a preliminary injunction ordering Defendants to cover the cost of their daughter's academic placement for the school year 2005–2006.

Defendants have filed a motion to dismiss the complaint on various grounds, including a failure to pursue a timely appeal of the administrative decision denying Plaintiffs relief.

After hearing argument, the court indicated to the parties that it would be allowing Defendants' Motion to Dismiss and denying Plaintiffs' Motion for Preliminary Injunction, based on Plaintiffs' failure to comply with the statute of limitations governing their appeal from the adverse decision of the Bureau of Special Education

Appeals ("BSEA"). The court articulated its reasons in detail orally following argument, but the essence of the court's reasoning is set forth below.

The background of this case is rather tortured, but largely undisputed.

Kaitlyn T. is a minor with a language-based learning disability; she had attended the Chicopee Public Schools up to the fall of 2003. At that time, Kaitlyn's parents concluded that the Individualized Education Plan ("IEP") prepared for Kaitlyn by Defendants did not satisfy her entitlement to a free and appropriate public education ("FAPE"). They therefore unilaterally placed her in the White Oak School, a private day school in Westfield, Massachusetts.

On April 7, 2004, the BSEA Hearing Officer, Lindsay Byrne, agreed with Kaitlyn's parents and ordered Chicopee to reimburse them for the expenses of the placement at the White Oak School for the 2003–2004 school year.

Chicopee appealed Ms. Byrne's decision to this court, but on March 23, 2005, the undersigned affirmed the BSEA decision by allowing David T.'s[2] motion for summary judgment. *See Kaitlyn T. v. Chicopee,* C.A. 04–30087–MAP, slip op. (D.Mass. Mar. 23, 2005).[3] Pursuant to this ruling, Kaitlyn's parents were reimbursed by Chicopee for the costs of her education at the White Oak School for 2003–2004.

The 2003–2004 scenario was reversed in 2004–2005. For that school year, the School District developed a new educational program called "Brighter Beginnings," which Chicopee argued adequately ad-

---

**1.** Although the heading of the complaint lists David T. as the lone plaintiff, the body of the complaint indicates that Diane T. is a plaintiff as well. (*See* Dkt. No. 1, Compl. ¶ 5.)

**2.** Diane T. was not named as a party in this action.

**3.** On the same day, the court allowed the motion for summary judgment filed by the Massachusetts Department of Education, David T.'s co-defendant.

dressed Kaitlyn's educational needs. Kaitlyn's parents again disagreed and unilaterally placed her at the White Oak School. A subsequent BSEA proceeding found this time in favor of the School District, concluding that the "Brighter Beginnings" program did provide Kaitlyn a free and appropriate public education. On May 22, 2006, this court affirmed the decision of the BSEA Hearing Officer, William Crane, in favor of Chicopee. *See David T. v. City of Chicopee,* 431 F.Supp.2d 180 (D.Mass. 2006).

During this sequence of events, however, Plaintiffs were assisted by the proper bias of the process in favor of the child needing special education services. Despite the ultimate finding as a matter of law, by both the BSEA and this court, that Plaintiffs were not entitled to reimbursement, Plaintiffs in fact received full reimbursement for the 2004–2005 school year at White Oak pursuant to the IDEA's "stay-put" provision. Because the process of determining *whether* Plaintiffs were entitled to reimbursement consumed all of the 2004–2005 school year, Chicopee was obliged to pay for that year, even though the eventual decision went in its favor.

When the 2005–2006 school term began, Plaintiffs again rejected the Brighter Beginnings program and unilaterally placed their daughter in the White Oak School. This time, however, Plaintiffs did not seek review of the 2005–2006 IEP before the BSEA. Rather, Plaintiffs took the position that since, at the beginning of the 2005–2006 school year, their appeal with regard to the 2004–2005 school year had not reached a decision—no decision was issued until May 22, 2006—they were *still* entitled to place their daughter at the White Oak School and receive full reimbursement for the 2005–2006 school year under the "stay-put" provision of the IDEA. Chicopee disputed this and ceased reimbursing

Plaintiffs for the White Oak School as of September 2005.

In order to obtain a resolution of their dispute, the parties agreed to place the issue of the Plaintiffs' entitlement to reimbursement before a BSEA Hearing Officer. Plaintiffs' counsel, however, failed to respond to efforts by the Hearing Officer to set the matter up for hearing, with the result that on May 22, 2006 the BSEA dismissed Plaintiffs' application for a ruling confirming their entitlement to reimbursement for the 2005–2006 academic year.

The order of dismissal clearly stated that it constituted final action and that any further review of the issue would have to be sought by Plaintiffs before the Massachusetts Superior Court or the United States District Court for the District of Massachusetts. The deadline for obtaining this review at the time was thirty days if Plaintiffs wished to pursue their appeal in the Massachusetts Superior Court, or ninety days if Plaintiffs preferred to proceed before the United States District Court. It is undisputed that Plaintiffs never attempted to obtain review of the May 22, 2006 BSEA dismissal via either appellate route.

Instead of prosecuting an appeal of the May 22, 2006 BSEA decision, Plaintiffs' counsel did three things. First, he moved for reconsideration of the dismissal by the Hearing Officer, despite the clear statement in the BSEA decision that the dismissal constituted a final action, not subject to further agency review. The attempt to obtain reconsideration was denied.

Second, Plaintiffs' counsel attempted to reopen the original IDEA case from 2003–2004 in which this court affirmed the decision of Hearing Office Byrne. Plaintiffs' Motion for Preliminary Injunction filed in that case was denied, on the ground that the case had long ago been closed.

Finally, Plaintiffs filed this independent action under the IDEA and 42 U.S.C. § 1983, seeking the same remedy—reimbursement for the costs of the 2005–2006 academic year—that they might have sought through an appeal of the BSEA's dismissal on May 22, 2006. While the complaint asserts, as noted above, a claim pursuant to § 1983 and offers in its six counts other causes of action with a constitutional or common law flavor, the First Circuit has recently determined that "[w]here the essence of the claim is one stated under the IDEA for denial of FAPE, no greater remedies than those authorized under the IDEA are made available by recasting the claim as one brought under 42 U.S.C. § 1983." *Diaz–Fonseca v. Puerto Rico,* 451 F.3d 13, 19 (1st Cir.2006).

Application of First Circuit law to the chronology summarized above makes it clear that Plaintiffs had an obligation to appeal the May 22, 2006 adverse decision by the BSEA hearing officer if they wished to press their claim for reimbursement of costs for the 2005–2006 academic year. If Plaintiffs had pursued such an appeal, it is not at all clear that they would have prevailed. Plaintiffs took the position, apparently, that since they were in the process of appealing the adverse decision as to 2004–2005 (which they eventually lost), they were entitled to reimbursement for the out-of-school placement for 2005–2006, even though it is undisputed they never appealed Kaitlyn's IEP for the 2005–2006 school year. It is clear that the IDEA's "stay-put" provision protects a child during an appeal of an adverse decision by the school or the BSEA; it is not clear that this provision continues to oblige a school district to keep reimbursing parents for the out-of-school placement in subsequent years when the parents have taken no appeal.

In any event, the First Circuit has indicated that the "stay-put" provision of the IDEA will not govern where the parties have opted out of it by agreeing to let a third party decide the issue. *Verhoeven v. Brunswick School Committee,* 207 F.3d 1, 8 (1st Cir.1999). As the *Verhoeven* court noted, the IDEA's "stay-put" provision

> provides that the interim placement during proceedings challenging the child's regular placement shall be the child's current educational placement, "unless the ... educational agency and the parents otherwise agree." ... Nothing in section 1415(j) requires the parties to "otherwise agree" on a particular interim placement for the exception to apply; the exception apparently may apply if the parties "otherwise agree" to let a third party decide the interim placement.

*Id.* (internal citation omitted).

Here, the parties agreed to let the Hearing Officer address, at least initially, the rather tricky issue of the "stay-put" provision's application to a school district's obligation to reimburse costs for an academic year, where the district's own educational plan had never been appealed. It is undisputed that this decision went against Plaintiffs and that Plaintiffs' counsel never filed a timely appeal.

It is irrelevant for purposes of review by this court that the Hearing Officer's May 22, 2006 decision was not substantive, but rather relied on Plaintiffs' counsel's failure to communicate with the Hearing Officer or respond to her order to show cause. It does not appear that the Hearing Officer committed any error in dismissing Plaintiffs' claim based on these defaults, but if there were any errors, the proper route to object to them was a timely appeal and not an independent action such as this one, offering up a plateful of constitutional theories.

It is worth noting that Plaintiffs have already received something of a windfall by receiving full reimbursement for the 2004–2005 school year, even though the court eventually concluded they were not legally entitled to it. With regard to any claim for the 2005–2006 school year, Plaintiffs chose to present their arguments (arguments that, in the court's view, would have been difficult to make) to a BSEA Hearing Officer, lost due to their failure to prosecute, and then failed to pursue a timely appeal. Under these circumstances Defendants are entitled to dismissal of the lawsuit. Moreover, the absence of any likelihood of success dooms Plaintiffs' Motion for Preliminary Injunction.

For these reasons, Defendants' Motion to Dismiss (Dkt. No. 2) is hereby AL-LOWED, and the Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 4) is hereby DENIED. The clerk is ordered to enter judgment for Defendants. This case may now by closed.

It is So Ordered.